**Dee I. CHANCE, et al.**

v.

**Kent C. SULLIVAN, et al.**

**No. CIV.A. G–97–282.**

United States District Court,
S.D. Texas,
Galveston Division.

Feb. 5, 1998.

John F. Nichols, Houston, TX, W. Mark Lanier, Lanier Parker and Sullivan, Houston, TX, for Dee I. Chance.

Michael Louis Minns, Houston, TX, Ken N. Bigham, Jr., Schulenburg, TX, for J. Chance.

W. Mark Lanier, Lanier Parker and Sullivan, Houston, TX, for Audrey R. Chance, Alan Keith Alexander, Brian Lynn Alexander, Henry Alexander, Bevelyn Lee Alexander, Denise Anderson, Wesley Anderson, Jr., Wesley Nmi Anderson, Frankie Anderson, Wanda Lynn Arnold, Jimmie Hilliard Batiste, Willie Bell, Alexia Denise Bess, Ruth Boggs, Freddie Louis Bonner, Sondra Bonner, Robert Boone, Eugene J Bordovsky, Sylvia Bordovsky, Esteen M. Bottlinger, Hallye M. Bottlinger, Sr., James Bouligny, Clemment L. Boxley, Lurene Boxley, Cleveland F. Brown, Ellegra Brown, Daniel Brown, Jr., Lorene Brown, Dawayne Brown,

fendants, the negligence analysis does not apply to Defendant Giannone.

Kevin Brown, Laverne Brown, Lawayne Brown, Louis Brown, Sr., Hattie Brown, Leandrew Brown, Martha Brown, Pearlie Brown, Roy Nmi Brown, Margaret Brown, Royce Brown, Sharmarion Brown, Teresa Brown, Webster Brown, Sr., Camille Carothers, James E. Clakley, Gwendolyn Clakley, Milton Cockrell, Steve Conway, Daniel Correa, Elvia Correa, Doyle Coston, Susan E. Coston, Joseph C. Cotrone, Louis A. Cotrone, Margaret Cotrone, Ava Lee Cravens, John H Crowell, Jr., John W. Damon, III, Jerry Lee Doyal, Sr., Jimmie Ann Doyal, Curtis Edwards, James Nmi Evans, Terri Evans, Henry L. Ezell, Vicki Ezell, Nova Fields, Jesse E. Findely, Gladys F. Findley, James R. Finley, Lee Fontonot, Jr., Laura R. Fontonot, Winifred Friday, Garlon Friday, Lois Gardner, Zeno Gardner, Ozearia W. Gardner, Bruno Garza, Adelia Garza, William D. Glover, Frances Louise Griffin, Robert Grovey, Claudis Ruthe E. Grovey, Ruban G. Hall, Kenneth M. Hardesty, Iris Hardesty, Beulah Mary Harlan, Edith Harris, Ethel Lee Harris, Georgia Harris, Delores Helms, Sadie Hendricks, Thomas C. Hendricks, Jeanette Howell, William A. Howell, Barbara L. Hubbard, Gordon V. Hubbard, Frank R. Hubbard, Anne Renee Hubbard, Doris Huey, Benford T. Huey, Tamara Jackson, Elijah W. James, Matilda Ann James, Joe Johnson, Gertrude Johnson, James Joseph Lannen, Geneva W. Lannen, Terrance M. Lannen, Sue Lannen, Avery W. Lee, David L. Lee, Bobbie D. Lee, Lovie Lee, George G. Lee, L. Z. Lee, Richard Lee, Jr., Melba Lee–Hosey, Franky Joe Master, Billie Wayne Le Master, Dorsia Limuel, Dean W. Linde, Herman L. Louvier, Sr., Ruby Mayberry, Mary McCarty, Daniel W. McCarty, Dorothy J. McKinney, Robert H. McKinney, Delores McNeil, Chester McNeil, Doris Norris, Patricia Moon, Wilma Ondras, Leslie Herbert, Cynthia Kay Parrish, Jr., Henry Paul, Joyce Peak, Frank N. Peak, Ruby L. Pettis, Zuleika V. Reece, Jackie Nmi Robinson, Otis F. Ross, Nancy T. Ross, Marcus W. Roy, Mary Joe Roy, Jacob B. Sallee, Elsie Sallee, Larry D. Sallee, Glenn Salyer, Susan Salyer, Isabel Sanders, Robbie Jo Sanders, Thomas A. Sanders, Louis J. Schmersahl, Lillie L. Schmersahl, Robert M. Shell, Charley Faye Shell, Roy H. Shell, Sherman Shelton, Elsie Lee Shelton, Steve L. Smith, Josephine Smith, Charlie Specht, Bennie E. Spencer, Dorothy Spradley, Carolyn Staten, Ludwell Z. Taylor, Jr., Ludwell Z. Taylor, Sr., Patrick L. Taylor, Elaine Thompson, Ethel Thompson, Tammy T. Thompson, Ursula Tims, Dianna Tolbert, Estelle Tolbert, Horace Frank Tolbert, Joice Lance Tolbert, Vanessa Tolbert, Paul L. Tolbert, Valarie J. Tolbert, Sandra Tolbert, Felix Ward, Bennie Washington, Loretta Washington, Mary Louise Washington, Billy F. Weems, Florence Weems, David E. Wiggins, Mabel Wilkinson, Bettie Jean Williams, Helen Davis Williams, Gilbert Woodard, Andra Woodard, Ramona Donnelly, Zoria Gardner, Ruth E. Grovey, Sydney Harris, plaintiffs.

Thomas R. Fox, Kleberg & Head, Otway B. Denny, Jr., Fulbright & Jaworski, Houston, TX, for Phillips Petroleum Company, Phillips Petroleum Company, d/b/a Sweeny Refinery and Petrochemical Complex, Phillips 66 Company, Chemical Plant Services, Incorporated, Inc.

David J. Beck, Beck Redden and Secrest, Houston, TX, for Kent C. Sullivan, McFall & Sartwelle P.C., W. Mark Lanier, Lanier & Wilson LLP, Lanier, Wilson, Parker & Sullivan, defendants.

Kenneth T. Fibich, Fibich & Garth, Houston, TX, for John Nichols, Law Office of John Nichols, defendants.

Robert Alton Shults, Sheinfeld Maley & Kay, John A. Murray, Jr., Ramsey & Murray, John K. Leach, Christovich & Kearney, Houston, TX, for Highlands Insurance, intervenor-defendant.

### *ORDER*

KENT, District Judge.

Now before the Court is Plaintiffs' Motion to Remand the above-styled case, removed to the Houston Division of the Southern District of Texas from the 152nd Judicial District Court of Harris County, Texas. This case was consolidated into Civil Action No. G–97–282,[1] *Chance v. Chemical Plant Services, Inc., et al.* (*"Chemical"*), and is therefore

---

1. In the Houston Division, the case was assigned   Civil Action No. H–97–3541.

now pending in this Court.[2] In this action against Defendants (collectively, "Sullivan"), Plaintiffs bring causes of action for breach of fiduciary duty, common law fraud and fraud in the inducement, conversion, legal malpractice, and violations of the Texas Deceptive Trade Practices Act, TEX. BUS. & COM. CODE ANN. § 17.41 (Vernon 1987 & Supp. 1997) ("DTPA"). These claims stem from the alleged malfeasance committed by Sullivan during representation of the Plaintiffs in Civil Action No. G–92–232, *Chance, et al. v. Phillips Petroleum Co., et al.* (*"Phillips"*). Plaintiffs' Motion to Remand was filed in the Houston Division on November 20, 1997. For the reasons stated below, the Motion to Remand is **DENIED**.

Sullivan removed the instant action pursuant to 28 U.S.C. § 1441, on the basis that federal question jurisdiction exists under 28 U.S.C. § 1331. Plaintiffs argue that no federal question is presented, because the claims pled involve issues of state law only. Alternatively, Plaintiffs argue that the state law issues so predominate over federal issues that this Court should employ its discretionary remand authority under 28 U.S.C. § 1441(c).

The Court first notes that this case, though consolidated with *Chemical* and *Phillips,* involves claims that will necessarily entail consideration separate from the claims in those lawsuits. If all claims were to be presented to a jury, the claims in this case would require a separate jury from the claims in the underlying litigation. Therefore remand would not create a judicial inefficiency. Furthermore, in a purely academic, abstract sense, the questions presented by the claims brought by Plaintiffs against Sullivan are typically questions of state law. Finally, nothing would please this Court more than to send these claims back to state court, a sentiment apparently equally matched by Plaintiffs' desire to avoid this Court. The underlying litigation in this case began almost six years ago and has been an extremely protracted, extraordinarily burdensome affair. Frankly, however, the Court feels a moral responsibility to proceed with an ultimate resolution of the issues raised by the *Phillips* case and all of its ensuing outgrowths.

■ In this case, the state claims are inescapably infused with the overriding federal concerns that were the basis of these Plaintiffs' causes of action in *Phillips.* Consideration of the allegations in this case will entail an inextricably intertwined analysis of the propriety of the Plaintiffs' settlement agreement in *Phillips,* covering Sullivan's dealings with his clients and fees submitted for approval, and indeed approved, by this federal Court.

The Plaintiffs allege in their Original Petition, *inter alia,* that Defendants failed to disclose that the settlement amount in *Phillips* was "actually much higher" than two million dollars, improperly distributed the settlement proceeds, improperly induced "stragglers" to accept the settlement, and "intentionally and covertly padded or inflated their out-of-pocket expenses." Without commenting on the merits of these allegations, it is clear that some of the issues implicated here, including the propriety of the settlement amount, amount of attorney fees, and disbursement plan, were adjudged by this Court to be "made in good faith," and accepted and approved by the Court in its "Order Approving Settlement and Matrix for Disbursement and Order of Reference" dated October 17, 1995. Therefore, the resolution of Plaintiffs' claims in the instant case is likely to affect the scope and validity of the settlement Order in *Phillips.*

■ Because of the depth of Plaintiffs' allegations, consideration of the claims in this case would necessarily entail a reconsideration of the validity of the settlement and handling of the litigation in *Phillips.* Consequently, this Court has federal question jurisdiction under 28 U.S.C. § 1331, and therefore has discretion to hear all claims under 28 U.S.C. §§ 1441(c) and 1367. Alternatively, the Court has jurisdiction of the claims against Sullivan by virtue of the All Writs Act, 28 U.S.C. § 1651, which empowers a district court to "issue all writs necessary or

---

**2.** Defendants also filed a Motion to Transfer Venue from the Houston Division to the Galveston Division. Because *Chance v. Sullivan* has been consolidated into *Chance v. Chemical* and is now pending in this Court, the Motion to Transfer has been rendered moot.

**568**

appropriate in aid of their respective jurisdictions." The Supreme Court has upheld the use of the All Writs Act by a district court to remove an otherwise unremovable state court case to "effectuate and prevent the frustration of orders it has previously issued in its exercise of jurisdiction otherwise obtained." *United States v. New York Tel. Co.*, 434 U.S. 159, 172, 98 S.Ct. 364, 372, 54 L.Ed.2d 376 (1977) (upholding the order of a district court compelling a telephone company to assist federal law enforcement officials in the implementation of a prior court order authorizing the use of pen registers). This Court has the authority, under the All Writs Act, to exercise subject matter jurisdiction over the claims presented in this case which call into question the propriety of a settlement approved in an Order of the Court. *See In re Agent Orange Product Liability Litigation*, 996 F.2d 1425, 1431 (2d Cir.1993). The exercise of jurisdiction is necessary not only to protect the integrity of the Court's Order, but also because this Court is most qualified to review the settlement and the claims arising from the handling of litigation before the Court.

Finally, the Court would like to reiterate the same concerns and perceptions it has expressed since the inception of the Court's handling of the underlying claims in this case many years ago. The Court perceives that the sole and exclusive impediment to final resolution of the claims associated with this case is the unbridled and suffocating greed of the Plaintiffs. Rather than engage in procedural machinations, the parties would do well to focus their energies on the prompt and relatively nominal settlement of this case.

Accordingly, because the Court has federal question jurisdiction over the predominant federal issues in this case, and alternatively because the All Writs Act empowers this Court with jurisdiction to protect the integrity of its prior Order, Plaintiffs' Motion to Remand is hereby **DENIED.** All parties are **ORDERED** to bear their own costs and attorney's fees incurred herein to date.

**IT IS SO ORDERED.**